UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Pickup et. al.** **(Plaintiffs)** Vs. **Biden et. al.** **(Defendant)** | **1:22-cv-00859-TNM** |

## SECOND EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER REGARDING EXECUTIVE ORDER 14075 THAT RELATES TO THE EQUALITY ACT AND MOTION TO A TEMPORARY RESTRAINING ORDER TO PREVENT DEFENDANT BIDEN FROM ENACTING THE PROMISED EXECUTIVE ORDER THAT LINKS TO THE WOMEN'S HEALTH PROTECTION ACT ON THE DAY THAT THE *DOBBS'* DECISION IS OFFICIALLY PUBLISHED

NOW COMES Plaintiff Sevier, supported by his co-plaintiffs, seeking a temporary restraining order (TRO) against Defendant Biden pursuant to Fed. R. Civ. P. 65 and LCvR 65.1 during regular business hours. Respectfully, the Plaintiffs get it - motions for a TRO are obnoxious. TRO motions are rarely granted and they only remain in place for a short period of time. Pending now is the Plaintiffs' request for a preliminary injunction and the responses due for that are likely soon, which may indicate that the Plaintiffs' motion for a TRO is unnecessary and redundant. Far worse for the Plaintiffs request here is that a key takeaway in J*ackson v. Finnegan et. al*, 101 F.3d 145 (D.C. Cir. 1996) is that courts are not to be unnecessarily required to dig through voluminous records to piece together facts and arguments. In the Plaintiffs' brief memorandum of law supporting this motion, the Plaintiffs more or less ask the Court to do just that because the Plaintiffs merely incorporate by reference the arguments they previously asserted in three different and related memorandums of law to save judicial economy. The Court would be within its discretion to deny the Plaintiffs' motion on that basis alone. Furthermore, if

this Court grants this motion it will cause an explosion within the liberal establishment and draw the ire of the liberal legacy media. The Plaintiffs are used to living in the eye of that storm but is that what these proceedings need at this juncture and are the other players involved in this action prepared for that kind of hostility?  The reason why the Plaintiffs do not bring in shell third-party local counsel in this controversy is because they do not want to unnecessarily subject them or their families to the kind of danger and discrimination that the Plaintiffs are subjected to on a daily basis.

      The Plaintiffs acknowledge and understand that Local Rules are there for a reason, and the Plaintiffs are resolved to do their best to learn them and comply with them, as far as it is possible within their capabilities.  As authors of laws themselves predicated on natural law based in mala in se,  not in mala prohibitum like the Local Rules, the Plaintiffs expect that the letter of their laws be strictly complied with and that courts interpret their laws as they were written at the time of enactment.

      Yet, the fact remains that all Local Rules are preempted by the text of the United States Constitution.  Far more important than the Plaintiffs' compliance with the idiosyncratic Local Rules is the Defendants' compliance with the text of the United States Constitution.  This is especially true when the Defendants' non-compliance with the First Amendment Establishment Clause and the Tenth Amendment promotes the slaughter of unborn children and the sexual confusion and exploitation of minors. The Plaintiffs are focused on stopping that evil in a controversy that links to an attempted assasination of a Supreme Court Justice and the victimization of over 50 pro-life groups. This action is not merely a theoretical exercise. Defendant Biden is very obviously abusing his office in multiple ways by making an end-around the Constitution and the legislative process through executive fiat.  That egregious Constitutional

misconduct is more than just a technical violation of a Local Rule, and the Plaintiffs believe that the justice and the law requires that the status quo to remain in place, and that is why they have filed this motion. They feel like it is necessary. Furthermore, the Plaintiffs filed this motion - not because they intend to harangue or inconvenience anyone - but because they believe that the Defendants should at the very least be given the opportunity to willingly and opennly agree to comply with their Clause 3, Article VI oath of office by freezing the two challenged Executive Orders that very obviously violate the First Amendment and the Tenth Amendment for the reasons the Plaintiffs inescapably set forth in their memorandum of law filed in support of their motion for preliminary injunction. See DE 28. As a matter of common sense and common decency, Constitutional compliance is far more important than the strict adherence to any law or Local Rule, and Local Rules are not to be weaponized in a hypertechnical manner to thwart the sacred act of Constitutional interpretation and Constitutional compliance by government actors at the top level of government. Article 3, Clause VI of the United States Constitution suggests as much. What higher purpose does the Article III Courts have beyond making sure the other two branches obey the United States Constitution? This is why in just about every single controversy some of the Plaintiffs have been involved with where leftist activists were seeking Constitutional intrerpretation regarding some government action that opposes secular humanism, rigorous enforcement of Local Rules was non-existent. The Plaintiffs understand and appreciate that but respectfully expect equal treatment under the law, especially because the Plaintiffs arguments are based on the plain text of the Constitution and do not ask the Court to read things in to the Constitution that simply are not there like devout secular humanist litigants do routinely in their dangerous and self-serving crusades to establish America as a secular humanist theocracy.

Respectfully, the evidence suggests that the Plaintiffs' adherence to technicalities is not as important as ensuring that the Defendants comply with the text of the United States Constitution, and the Plainitiffs resubmit this motion for cause during regular business hours as the Local Rules require.

The Plaintiffs seek oral argument regarding this motion, if and only if, the Court sincerely thinks it would be helpful. Otherwise, the Court may make a determination based on the pleadings. The Plaintiffs will leave that up to the Court's discretion. Some of the Plaintiffs are regularly called by the Chairmen of judiciary committees around the Nation to provide oral testimony at public hearings, and the Plaintiffs are only interested in doing so if the Chairmen and committee members are actually interested in what the Plaintiffs have to say and provide, when it comes to matters of being open to persuasion. The Plaintiffs do not avail themselves to be court jesturers for squishes in legislative hearings.

 In this motion, the Plaintiffs seek the following:

(1) the Plaintiffs, preliminarily, ask that Defendant Biden on his own, pursuant to his Clause 3, Article VI oath of office to uphold and obey the United States Constitution and upon the advice of his counsel, agree to freeze or temporarily void and withdraw Executive Order 14075 [1] - the order signed on June 15, 2022 that has the effect of enacting the Equality Act [2] -

---

[1] A link to Executive Order 14075:
https://www.dropbox.com/s/m2ueptbadj811va/EXECUTIVE%20ORDER%2014075.pdf?dl=0
[2] On June 15, 2022, at a press conference during the signing of EO 14075, Defendant Biden made the following statements: "Pride is back at the White House….today, I am about to sign an Executive Order that directs key federal agencies to protect our communities from those hateful attacks and advances equality families [Sic]. My order will use the full force of the federal government to prevent any inhumane practices of conversion therapy. This is the first time the federal government is leading a coordinated response against this dangerous discredited practice….but Congress has to pass an act as well and that's the Equality Act."
https://www.youtube.com/watch?v=EHbHLL9Rgk4

until the Plaintiffs' motion for preliminary injunction, (DE 27-28), and/or soon to be filed motion for summary judgment in this case has been fully resolved;

(2) the Plaintiffs ask that Defendant Biden on his own, pursuant to his Clause 3, Article VI oath of office to uphold and obey the United States Constitution and upon the advice of counsel, agree to not enact any Executive Orders, as he has promised to do so after the *Dobbs'* decision is officially released, that in any way chips away at the States' right under the Tenth Amendment of the United States Constitution to regulate the licentious and deadly practice of convenience abortion until after this Court has ruled on the Plaintiffs' motion for preliminary injunction, (DE 27-28), and/or soon to be filed motion for summary judgment;

(3) the Plaintiffs ask that the Congressional Defendants on their own, pursuant to their Clause 3, Article VI oath of office to uphold and obey the United States Constitution and upon the advice of counsel, to stop sending letters to Defendant Biden urging him to enact an Executive Order to undermine the *Dobbs'* decision in a manner that would violate the Establishment Clause of the First Amendment of the United States Constitution and the Tenth Amendment of the United States Constitution for the reasons the Plaintiffs set forth in their pending motion for preliminary injunction (DE 28); ³

(4) if the Defendants refuse to comply with the Plaintiffs' requests in subsection (1), (2), and (3) of this section, the Plaintiffs ask that this Court order:

---

³ On June 13, 2022, Defendant Blumenthal, Defendant Merkley, and 21 other Democrat Senators sent a letter to Defendant Biden urging him to issue an Executive Order to effectively revive *Roe and Casey* on the day that the Supreme Court publishes the official *Dobbs* decision. See: https://msmagazine.com/2022/06/13/biden-executive-order-abortion/
See also:
https://www.warren.senate.gov/imo/media/doc/2022.06.07%20Letter%20to%20POTUS%20on%20Abortion%20EO.pdf
 The Defendants are acting in concert with each other to violate the Establishment Clause of the First Amendment and the Tenth Amendment of the United States Constitution. The Defendants are driven by a moral superiority complex that makes them a severe internal threat to national security interests that are real, not imaginary.

(i) Defendant Biden to freeze or temporarily withdraw and nullify Executive Order 14075 until the Court has had a chance to rule on the Plaintiffs' motion for a preliminary injunction and soon to be filed motion for summary judgment; and

(ii) Defendant Biden to temporarily not execute any Executive Orders, as he is threatening to do, that in any way conflicts with or seeks to undermine the decision in *Dobbs* until after this Court has had the chance to rule on the Plaintiffs' motion for a preliminary injunction and/or the Plaintiffs' soon to be filed motion for summary judgment.

The Plaintiffs have already reached out to defense counsel and/or Defendants about this request.[4] A memorandum of law in support of this motion is attached.

/s/Chris Sevier Esq./
DE FACTO ATTORNEYS GENERAL
Mailing address:
118 16th Ave South
#4 Music Row
Nashville, TN 37203
(615) 500-4411
ghostwarsmusic@gmail.com
www.specialforcesofliberty.com
Bravo Two Zero
1LT 27A JAG

## Certificate of Service

I hereby certify that this document was served on June 20, 2022 on the defendants and their known counsel at the following mailing and/or email addresses:

Thomas Caballero Attorney For the Senate Defendants
642 Hart Senate Office Building

---

[4] Email to opposing counsel:
https://www.dropbox.com/s/z8k26c93bts0h8e/Gmail%20-%20Emergency%20Motion%20to%20expedite%20the%20motion%20to%20show%20case%20and%20emergency%20motion%20for%20a%20temporary%20restraining%20order%20regarding%20the%20Executive%20Order%20EO%2014075.pdf?dl=0

Washington, DC 20510-7250
Phone: 202-224-4435
Email: thomas_caballero@legal.senate.gov
Email: kathleen_parker@legal.senate.gov

Sarah Edith Clouse
U.S. HOUSE OF REPRESENTATIVES
Office of General Counsel
219 Cannon House Office Building
Washington, DC 20515
(202) 225-9700
Fax: (202) 226-1360
Email: sarah.clouse@mail.house.gov

UNITED STATES ATTORNEY'S OFFICE U.S.
Attorney's Office for D.C.
601 D Street, NW Washington, DC 20530
Email:  USADC.ServiceCivil@usdoj.gov
   Email:  John.Moustakas@usdoj.gov

Merrick Garland,
U.S. Attorney General
U.S. DEPARTMENT OF JUSTICE
950 Pennsylvania Ave.
NW Washington, DC 20530

Clerk of the House of Representatives
U.S. HOUSE OF REPRESENTATIVES
U.S. Capitol, Room H154
Washington, DC 20515-6601

1236 Longworth H.O.B.
Washington, DC 20515
(202) 225-4965
Sent to
Douglas.Letter@mail.house.gov

Sen. Jeff Merkley,
531 Hart Senate Office Building
Washington, DC 20510 Phone:
(202) 224-3753
Authorized agent for service:
elvia_montoya@merkley.senate.gov

Leader Charles Schumer
322 Hart Senate Office Building

Case 1:22-cv-00859-TNM   Document 41   Filed 06/21/22   Page 8 of 8

Washington, D.C. 20510 Phone:
(202) 224-6542
casework_schumer@schumer.senate.gov

Chairman Richard Durbin
711 Hart Senate Building
Washington, D.C. 20510
p: 202.224.2152
dick@durbin.senate.gov

Rep. David Cicilline
Rayburn HOB
Washington, DC 20515 Phone:
(202) 225-4911
Authorized agent: megan.garcia@mail.house.gov

/s/Chris Sevier Esq./